THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT MOGIELNICKI, Appellant.— In a *coram nobis* proceeding, defendant appeals from two orders of the Supreme Court, Kings County, dated April 29, 1969 and June 19, 1969, respectively, the former denying the application without a hearing and the latter granting reargument but adhering to the original decision. Appeal from the order dated April 29, 1969, dismissed as academic; that order was superseded by the order of June 19, 1969. Appeal from so much of the order of June 19, 1969 as granted reargument dismissed; appellant is not aggrieved by that part of the order. Order of June 19, 1969 otherwise affirmed. In our opinion the documentary evidence in the record and defendant's plea of guilty demonstrate that no factual issue was presented as to the death of the victim of the crime. Christ, Acting P. J., Rabin, Hopkins and Munder, JJ., concur; (Beldock, P. J., deceased).

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROGER WHITFIELD, Appellant.— Appeal by defendant from (1) a judgment of the County Court, Suffolk County, rendered September 23, 1968, convicting him of murder in the first degree, upon a jury verdict, and imposing sentence, and (2) two orders of said court, (a) one entered January 28, 1969, which denied his *coram nobis* proceeding to vacate said judgment, and (b) the other entered November 14, 1969, which denied his motion for a new trial on the ground of newly discovered evidence. (The notices of appeal from the orders erroneously refer to the dates of the orders as December 31, 1968 and September 29, 1969, respectively.) The appeal from the judgment brings up for review another order of said court, entered November 28, 1967, which denied defendant's motion to suppress certain evidence, without a hearing. Orders entered January 28, 1969 and November 14, 1969 affirmed. No opinion. Order entered November 28, 1967 reversed, on the law, and defendant's motion to suppress evidence remitted to the County Court for a hearing and new determination. The appeal from the judgment will be held in abeyance pending such hearing and new determination. In our opinion, defendant's uncontradicted allegation that evidence procured by an illegal search and seizure of his automobile by the police was to be used against him in a criminal proceeding was sufficient to require a hearing (Code Crim. Pro., § 813-c; cf. *People* v. *McCoy,* 27 A D 2d 858, affd. 21 N Y 2d 730; *People* v. *Manguso,* 24 A D 2d 539). Christ, Acting P. J., Martuscello, Brennan and Benjamin, JJ., concur; (Beldock, P. J., deceased).